IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JUDY NEWMAN and DIANA SAXTON, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-667 |
| § | |
| COLLEGE OF THE MAINLAND § | |
| and JERRY STEPHENS, § | |
| § | |
| Defendants. § | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

This case arises out of alleged gender discrimination and sexual harassment suffered by Plaintiffs Judy Newman and Diana Saxton (collectively, "Plaintiffs") in the course of their employment by Defendant College of the Mainland ("the College"), in Galveston County, Texas. Plaintiffs have brought suit against the College and Defendant Jerry Stephens ("Stephens"). Now before the Court is the College's Motion to Dismiss for Failure to State a Claim. For the reasons below, the College's Motion is **GRANTED IN PART AND DENIED AS MOOT IN PART** and Plaintiffs' intentional tort claims and claims for exemplary damages against the College are **DISMISSED WITH PREJUDICE**.[1]

**I. Background**

Plaintiffs are both women who were employed by the College as part-time police officers

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

with the College's Police Department. Plaintiffs claim that during their employment: (1) they were subjected to public disclosure of private information; (2) they were subjected to a barrage of unwanted sexual comments and advances by full-time police officers employed by the College; (3) the College failed to take any remedial action to end the harassment; and (4) Stephens sexually assaulted them and committed other intentional torts against them.

Plaintiffs alleged the following causes of action in their Original Complaint: (1) violation of Title VII of the Civil Rights Act ("Title VII"); (2) intentional and/or reckless infliction of emotional distress; (3) assault and/or battery; and (4) negligent hiring, retention, training and supervision on the part of the College. In addition, Plaintiffs sought exemplary damages against both the College and Stephens for their "intentional, malicious, and reckless conduct." On January 20, 2006, the College filed its Motion to Dismiss for Failure to State a Claim for Which Relief Can be Granted with regard to all claims except the Title VII claim. On January 31, 2006, Plaintiffs responded with an Amended Complaint, and argued that the Amended Complaint rendered the College's Motion to Dismiss moot. The College replied, renewing its Motion to Dismiss as to the Amended Complaint.

Out of an abundance of caution and to avoid any future difficulties arising from the somewhat ambiguous language in the Amended Complaint, the Court will consider the defects raised in the Motion to Dismiss as to the Amended Complaint. *See Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 635 (S.D. Tex. 2001) (citing 6 CHARLES ALAN WRIGHT, ARTHUR R. MILER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1476 (1990)).

## II. Motion to Dismiss for Failure to State a Claim

A party is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. When considering a motion to dismiss for failure

to state a claim, the Court accepts as true all well-pleaded allegations in the complaint and views them in the light most favorable to the plaintiff. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (noting that a court must construe the complaint liberally in favor of the plaintiff); *see also Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). "A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." *Collins*, 224 F.3d at 498. A motion to dismiss should be granted only when it appears without a doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002). *See also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

### III. Analysis

#### A. Claim of Negligent Hiring, Retention, Training and Supervision

Plaintiffs' claim for alleged negligent hiring, retention, training, and supervision on the part of the College was removed from their Amended Complaint. Therefore, there is no longer a cause of action for negligence against the College. Therefore, the College's Motion to Dismiss with respect to this claim is **DENIED AS MOOT**.

#### B. State Intentional Tort Claims

The College claims that as a state political subdivision, it is immune from liability for the intentional torts of its trustees, agents, and employees. The only exceptions to sovereign immunity for Texas governmental entities under Texas law are found in the Texas Tort Claims Act ("TTCA"). *See* TEX. CIV. PRAC. & REM. CODE § 101.001 et seq. (Vernon 2005). The TTCA does not waive sovereign immunity for intentional torts committed by the employees of state political subdivisions. *See* TEX. CIV. PRAC. & REM. CODE § 101.057 (Vernon 2005); *Mosley v. Houston Community*

*College System*, 951 F. Supp. 1279, 1290 (S.D. Tex. 1996) (finding that a state community college is a governmental unit and is entitled to sovereign immunity under Texas law). Additionally, community colleges such as the College are immune from negligence suits. *See Ozolins v. North Lake Community College*, 805 S.W.2d 614, 615–16 (Tex. App.—Fort Worth 1991, *no writ*); *Freeman v. Del Mar College*, 716 S.W.2d 729, 731–32 (Tex. App.—Corpus Christi 1986, *no writ*).

The only exception to the sovereign immunity of community colleges is for cases involving injuries arising from the operation or use of motor vehicles. TEX. CIV. PRAC. & REM. CODE § 101.051 (Vernon 2005). The intentional torts alleged by Plaintiffs do not involve the use of a motor vehicle, and as such, fall outside the limited waiver of sovereign immunity provided in the TTCA for community colleges.

To the extent that the Amended Complaint can be construed as asserting a claim for any intentional torts against the College, such claims are barred as a matter of law and are hereby **DISMISSED WITH PREJUDICE**.

*C. Exemplary Damages*

The only claim that remains against the College is Plaintiffs' Title VII claim. Punitive damages are not available under Title VII of the Civil Rights Act against governments, governmental agencies, or political subdivisions. *See* 42 U.S.C. § 1981a(b)(1). Therefore, exemplary or punitive damages are unavailable against the College as a matter of law. *See Oden v. Oktibeeha County, Miss.*, 246 F.3d 458, 465–66 (5th Cir. 2001).

To the extent that the Amended Complaint can be construed as asserting a claim for exemplary or punitive damages against the College under any of the remaining causes of action, such claims are barred as a matter of law and are hereby **DISMISSED WITH PREJUDICE**.

### IV. Conclusion

For the reasons stated above, the College's Motion to Dismiss is hereby **GRANTED IN PART AND DENIED AS MOOT IN PART**. Plaintiffs' claims against the College to the extent that they allege liability for any intentional torts are hereby **DISMISSED WITH PREJUDICE**. Plaintiffs' claims against the College to the extent they make claims for punitive or exemplary damages are hereby **DISMISSED WITH PREJUDICE**. The College's Motion to Dismiss with respect to Plaintiff's claim for negligent hiring, retention, training and supervision is hereby **DISMISSED AS MOOT**. Plaintiffs' Title VII claim against the College as well as all of Plaintiffs' claims against Stephens remain. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 9th day of February, 2006, at Galveston, Texas.

_Samuel B. Kent_
United States District Judge