IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JUDY NEWMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-667 |
| | § | |
| COLLEGE OF THE MAINLAND, | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION AND MODIFYING SANCTIONS**

This action arises under Title VII of the Civil Rights Act of 1964. Judy Newman ("Plaintiff") was employed by College of the Mainland ("Defendant") as a part-time police officer.[1] Plaintiff claims she was sexually harassed by a fellow officer during the course of her employment and that her work environment at the College of the Mainland police department was hostile. The case was scheduled for trial on November 28, 2006, but, due to Plaintiff's failure to appear and other events occurring on the trial date, which are detailed in this Court's Order of Dismissal and Contempt Citation issued on November 28, 2006, the Court dismissed the case with prejudice and assigned various sanctions to Plaintiff.

The Court received a letter from Plaintiff on January 11, 2007, in which Plaintiff attempted to explain why she did not appear at her trial and pleaded with the Court to reconsider its decision. The Court treats said letter as a Motion for Reconsideration of its Order dated November 28, 2006.

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

1

The Court so informed Defendant, and Defendant filed a Response in Opposition to Plaintiff's Motion for Reconsideration.

**I. Analysis**

First, the Court notes that the letter Plaintiff sent urging it to reconsider its November 28 Order is dated January 8, 2007. Plaintiff was ordered to issue a cashier's check to the Clerk's office within thirty (30) days of the Order. Thus, Plaintiff should have taken some action regarding the Citation on or before December 28, 2007. The Court, however, is inclined to forgive this infraction as the date in question occurred during the holidays, and Plaintiff stresses in her letter to the Court that she has young children and was "trying to get through the holidays and . . . get ahold of [her] emotions."

However, the Court cannot forgive Plaintiff's lack of consideration for this Court's proceedings, the jurors' time, and the attorneys' time. The Court was well within its discretion to dismiss Plaintiff's case with prejudice when she failed to appear for her trial. *See Link v. Wabash R.R.*, 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (explaining that the power of a district court to dismiss a plaintiff's case for failure to prosecute "is of ancient origin" and "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts"); *Dorsey v. Scott Wetzel Servs.*, 84 F.3d 170 (5th Cir. 1996) (finding that a district court's dismissal of a case due to the plaintiff's "contumacious conduct," which included failure to appear at the trial, was not an abuse of discretion); *Lewis v. Brown & Root, Inc.*, 711 F.2d 1287 (5th Cir. 1983) (upholding a dismissal for want a prosecution and an award of attorney fees when the plaintiff was first late for trial and then late in returning from a break); *see also Moffitt v. Ill. State Bd. of Educ.*, 236 F.3d 868 (7th Cir. 2001) (upholding a trial court's dismissal for want of prosecution when the plaintiff was in the hospital for alcohol and drug

addiction on the date of trial). Plaintiff's failure to appear at her trial is intolerable, and, as further explained below, her letter does not convince the Court otherwise.

The Court now turns to Plaintiff's explanations for her behavior. Plaintiff claims that she was suffering a severe anxiety attack on the morning of the trial and is under psychiatric care. She explains to the Court that she had been hospitalized six months prior to the trial due to her severe mood disorder, and, even with medication, is unable to control her emotions. It is clear to the Court that Plaintiff was well aware that she had a mood disorder and was prone to anxiety attacks. She should have taken precautions in case she could not drive on the morning of the trial. For instance, she could have stayed in Galveston the night before and taken a taxi to the Court, or she could have asked a friend or relative to bring her to the Court. The Court is not without sympathy for Plaintiff's plight, but, if Plaintiff has indeed been suffering from severe anxiety attacks for over three years, as she claims, then it was highly foreseeable that she would be suffering from such attacks on the morning of her trial, and she should have taken the necessary precautions to ensure the attacks did not hinder her ability to be on time.

This conclusion is further punctuated by the fact that Plaintiff again failed to appear at this Court in a timely manner for the hearing conducted regarding her Motion for Reconsideration. Defense counsel was here on time; and Plaintiff's attorney, who had since withdrawn from the case, even came to the hearing as a courtesy to Plaintiff.[2] Plaintiff, however, did not appear until thirty (30) minutes after the hearing was scheduled to begin. When Plaintiff entered the courtroom, the Court was conducting an important hearing in another very substantial matter. The hearing was of high public interest, and there were numerous members of the public in the gallery to observe. The

---

[2]Plaintiff is now *pro se*.

observers got a more curious show than they had bargained for when Plaintiff disrupted the entire proceeding by entering the courtroom sobbing very loudly and, for some incomprehensible reason, holding her shoes in her hands. All eyes were on Plaintiff. The Court instructed Plaintiff to have a seat and be quiet, and Plaintiff sat down and attempted to control herself. However, she continued to sob so loudly that she had to be escorted out before the proceeding could continue.

The Court called Plaintiff's case immediately after the other hearing ended, and Plaintiff appeared before the Court and apologized for again being late. She informed the Court that she had stopped three times during her drive to Galveston to try to calm herself down. If Plaintiff was indeed in such a state, and her behavior in the courtroom indicates that she probably was, she should not have even been attempting to drive herself to Galveston. She was endangering not only herself, but all of the other drivers on the freeway. Again, given the events that led to the hearing and Plaintiff's mental history, is was entirely foreseeable that she would not be mentally capable of driving to Galveston on the morning in question. Thus, she should have made other arrangements so that she could appear on time.

The Court has given due consideration to the excuses Plaintiff offered in her letter to the Court as well as at the hearing. Plaintiff's mood disorder does not free her from the duties to fellow citizens that are emblematic of civilized societies, and one such duty is common courtesy. Plaintiff, in failing to be on time for her trial *and* her hearing on the Motion for Reconsideration, has failed in that duty. Thus, the Court finds that its original Order of Dismissal was appropriate, and Plaintiff's Motion for Reconsideration of the Court's Order of Dismissal is **DENIED**. However, the Court has reconsidered the sanctions imposed in said Order. While the Court still deems the sanctions regarding Defendant's attorneys' fees and costs to be just, as those are otherwise borne by innocent tax-payers,

the Court **MODIFIES** its Order regarding the fees associated with the attendance of the jury. Plaintiff is not required to issue a check to the Clerk's office in the amount of $1,300.90, and that part of the Court's prior Order is **WITHDRAWN**. The rest of the Order stands as written.

The Court urges Plaintiff to continue her psychiatric treatment so that she can learn how to deal with her mood disorder and avoid having problems like this in the future. The Court further urges Plaintiff to schedule an alternate means of transportation when she is aware that she will be faced with a stressful situation that could trigger an anxiety attack and preclude her from safely driving to her destination.

## II. Conclusion

In accordance with the discussion above, Plaintiff's Motion for Reconsideration of the Court's Order of Dismissal is **DENIED**. Plaintiff's Motion for Reconsideration of the Court's Contempt Citation and Sanctions is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

**DONE** this 19th day of January, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge